[Cite as *State v. Salamah*, 2016-Ohio-5950.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-73 |
| | | (C.P.C. No. 15CR-872) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Abdellatif Salamah, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *William A. Settina*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Abdellatif Salamah, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court found him guilty, pursuant to a plea of guilty, of two counts of vehicular assault (not under suspension), in violation of R.C. 2903.08, felonies of the fourth degree; three counts of failure to stop after an accident, in violation of R.C. 4549.02, felonies of the fourth degree; and vehicular assault (under license suspension), in violation of R.C. 2903.08, a felony of the third degree. Appellant's appellate counsel has filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appellate review. Appellant's counsel simultaneously filed a motion to withdraw as counsel, which we have previously granted.

{¶ 2}   Given appellant pled guilty, his appellate counsel has filed a brief, pursuant to *Anders*, and we only have the sentencing transcript before us, we have scant factual details available. It appears that appellant was involved in a motor vehicle accident that injured three people who were riding in the same car as him. Procedurally, on August 24, 2015, appellant pled guilty to two counts of vehicular assault (not under suspension) (Counts 1 and 2); three counts of failure to stop after an accident (Counts 4, 5, and 6); and vehicular assault (under license suspension) (Count 3). On November 12, 2015, the trial court held a sentencing hearing. On January 8, 2016, the trial court issued a judgment entry, finding appellant guilty of the charges and sentencing him to 18 months of incarceration as to Count 1; 18 months as to Count 2; 60 months as to Count 3; 12 months as to Count 4; 12 months as to Count 5; and 12 months as to Count 6, with Counts 1, 2, 3, and 4 to be served consecutive to each other and Counts 5 and 6 to be served concurrent to each other, for a total sentence of 9 years of incarceration.

{¶ 3}   After appellant's counsel filed his *Anders* brief and motion to withdraw, we granted his motion and afforded appellant time to file a pro se brief. Appellant failed to file such a brief. This case is now before us for our independent review of the record to decide whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75 (1988); *In re D.M.C.*, 10th Dist. No. 09AP-484, 2009-Ohio-6667, ¶ 10.

{¶ 4}   Appellate counsel failed to identify any specific potential assignments of error but requests that this court review the trial court's imposition of maximum and consecutive sentences for possible error.

{¶ 5}   In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw, and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶ 6}   Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to decide whether the case is wholly frivolous. *Penson* at 80, citing *Anders* at 744. After fully examining the sentencing proceeding below, if we find only frivolous

issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. *Id.* However, if we conclude that there are non-frivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Id.*; *Anders* at 744.

{¶ 7} Here, appellant's counsel satisfied the requirements in *Anders*. Appellant failed to file a pro se brief. Accordingly, we will examine the available sentencing record from the trial court to determine if this appeal lacks merit. R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8} Thus, when reviewing sentences under R.C. 2953.08(G)(2)(a), the statute compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I). *State v. Marcum*, ___Ohio St.3d ___ , 2016-Ohio-1002, ¶ 22, citing R.C. 2953.08(G)(2)(a). Therefore, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Accordingly, pursuant to R.C. 2953.08(G)(2) and *Marcum*, we consider whether (1) appellant's sentence is clearly and convincingly contrary to law, or (2) the record does not support appellant's sentence by

clear and convincing evidence. *See State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 9. Under this standard of review, the trial court did not err when it imposed its sentence.

{¶ 9} The trial court's judgment entry states that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. This court has determined that such language in the judgment entry belies a claim that the trial court failed to consider the purposes and principles of sentencing. *State v. Reeves*, 10th Dist. No. 09AP-493, 2010-Ohio-4018, ¶ 16; *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31. The court also indicated that it weighed the factors as set forth in the applicable provisions in R.C. 2929.13 and 2929.14. Furthermore, the court ordered Counts 1, 2, 3, and 4 to be served consecutively to each other. The court found that consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. At the sentencing hearing, the court noted appellant had prior convictions for operating a vehicle while intoxicated. The court also found in its judgment that appellant committed the offenses while he was under community control sanctions. Therefore, following our independent review of the record, we are unable to find any non-frivolous issues for appeal. Appellant's sentence was not clearly and convincingly contrary to law and was supported by clear and convincing evidence in the record.

{¶ 10} Accordingly, we find no error in the trial court's sentence. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____